## NEAL v. THE OHIO OIL CO.

*Workmen's compensation—Appeal to common pleas court— Section 1465-90, General Code (111 O. L., 227)—Application for rehearing and decision thereon by industrial commission prerequisite—Decision of industrial commission final and appeal does not lie, when.*

1. Under Section 1465-90, General Code (111 O. L., 227), authorizing claimant to file application for rehearing after denial of claim for compensation for want of jurisdiction and of authority to inquire into the extent of disability and amount of compensation, and to file petition in court of common pleas within 60 days after notice of the denial of the claim on rehearing for want of such jurisdiction and authority, no appeal can be taken by filing such petition in court of common pleas without first filing application for rehearing and securing decision thereon by industrial commission.

2. Under Section 1465-90, General Code (111 O. L., 227), if claim is within jurisdiction of the industrial commission,

its action is final, and there is no appeal therefrom and no right to file petition in court of common pleas.

(Decided November 29, 1926.)

ERROR:   Court of Appeals for Wood county.

*Mr. J. Harrington Boyd* and *Mr. Eldon H. Young,* for plaintiff in error.
*Messrs. Riegle, Riegle & Cheney,* and *Mr. Merle N. Poe,* for defendant in error.

WILLIAMS, J.   Plaintiff in error, Treva L. Neal, filed with the Industrial Commission of Ohio a claim against the defendant in error, the Ohio Oil Company, for benefits arising out of the death of her husband, George Neal, who, it was claimed by her, received injuries on October 14, 1925, while in the course of his employment as an employe of the defendant in error, from which he died on the same day.   The Industrial Commission denied the claim on May 12, 1926, and thereupon, on June 11, 1926, without filing an application for rehearing with the Industrial Commission, she filed her petition in the court of common pleas of this county, and summons was duly served thereon.   Thereupon the defendant in error filed a motion to quash service of summons and dismiss the petition upon the ground that no motion for rehearing was filed under Section 1465-90, General Code.   The order of the Industrial Commission is made a part of the bill of exceptions and affirmatively shows that no such motion for a rehearing was ever filed, and also shows that the Industrial Commission found that plaintiff's death was not the result of injuries received in the course of or arising out

of the employment, which was equivalent to a finding that it had no jurisdiction to award compensation or benefits.

The question is fairly presented whether or not a petition may be filed in the court of common pleas without first filing such an application for rehearing. We are required to construe Section 1465-90 in the form in which it became effective July 14, 1925 (111 Ohio Laws, 227). That section in its amended form changes materially the procedure before the Industrial Commission. Under its provisions as then constituted, in all claims for compensation for injury or death, when the right to compensation is denied for want of jurisdiction of the claim and want of authority to inquire into the extent of the disability or the amount of compensation, and the right of claimant to compensation is denied on that ground, claimant may, within 30 days after the receipt of notice of the finding, file an application for rehearing. At such rehearing the commission shall pass upon the admissibility of evidence, and may refuse to admit evidence, to which refusal exception may be taken and offer of proof made. If, upon the hearing, the commission finds that it has no such jurisdiction and authority and therefore denies the right of claimant, claimant may, within 60 days after receipt of notice thereof, file his petition in the court of common pleas of the county where the injury was inflicted, or of the county where the contract of employment was made, in cases where the injury occurs outside of Ohio, and cause summons to be issued. Within 10 days after the filing of the answer in the court of common pleas, the Industrial Commission is required to certify to that

court a transcript of the record of the rehearing, and that court is then required to determine the right of the claimant to participate or continue to participate in the fund upon the evidence contained in such record, and no other evidence, but it is provided, however, that the court may exclude incompetent, immaterial, or irrelevant evidence objected to and excepted to at such rehearing before the commission, and may admit competent, material, or relevant evidence offered before the commission at such rehearing and excluded over objection and exception. There are other consistent provisions in the section, but we have here set forth sufficient to clearly indicate that there would be no evidence upon which the trial could be conducted in the court of common pleas if there was not first a rehearing before the commission to create the record upon which the trial must, under the provisions of that section, be had in the court of common pleas. It follows that no appeal can rightfully be taken by filing a petition in the court of common pleas under the law without first filing the application for a rehearing within the time limited, and securing a decision thereon upon hearing by the commission. The finding of the commission on the rehearing is a necessary preliminary to the filing of the petition in the common pleas court.

Plaintiff in error claims, however, that the provision relating to the filing of a motion for a rehearing has no application, for the reason that the commission did have jurisdiction of the claimant's claim. Section 1465-90 provides:

"The commission shall have full power and authority to hear and determine all questions with-

in its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim, shall be final.''

After these provisions follow the provisions previously referred to relating to a claim regarding which the commission finds it has no jurisdiction and authority, and providing for a rehearing upon disallowance in such matters and for the filing of a petition in the court of common pleas within 60 days after receipt of notice of a decision against the claimant on such rehearing. In making such contention counsel for plaintiff in error are hoisted by their own petard, for the reason that if the claim is one within the jurisdiction of the commission the action of the commission is final, there is no appeal therefrom, and no right to file a petition subsequently in the court of common pleas.

The court below did not err in quashing service and dismissing the petition, and the judgment will be affirmed.

*Judgment affirmed.*

CULBERT and RICHARDS, JJ., concur.